UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EUROBOOR BV *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:17-cv-2157-KOB |
| **ELENA GRAFOVA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Euroboor B.V., Euroboor USA, and Albert Koster's "Motion for Partial Reconsideration." (Doc. 235). Less than two months ago, this court ruled on the parties' cross motions for summary judgment. (Docs. 231, 232). In part, the court entered summary judgment in favor of Defendant Elena Grafova and against Plaintiffs as to Plaintiffs' claim for defamation. (Doc. 231 at 44 *et seq.*). Plaintiffs now request that the court reconsider this ruling. Defendant Elena Grafova responded to the motion. (Doc. 237). Having reviewed the parties' briefs and the court's prior summary judgment opinion, the court stands by its prior ruling.

Defendants' motion asks the court to alter its grant of summary judgment against them only as to their claim of defamation. The court may entertain motions

1

to reconsider summary judgment under Rule 54(b), which permits the court to revise interlocutory orders at any time before the entry of a final judgment, and Rule 59(e), which sets forth the deadline for motions to alter a judgment. *See* Fed. R. Civ. P. 54(b); 59(e). A party moving for reconsideration under Rule 59 faces a steep burden: "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Put differently, "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument [sic] or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citations omitted).

Here, Euroboor's defamation claim rests primarily on Ms. Grafova's email from December 4, 2017. *See* (doc. 235-1). The court addressed this email in its summary judgment opinion, including the very lines that Euroboor now highlights. (Doc. 231 at 44). In doing so, the court rejected Euroboor's current argument that Grafova's statements primarily should be "read in light of Grafova's position as CFO and her intimate knowledge of Koster and the Euroboor group." (Doc. 235 at 8). Instead, the court found that the email contained Grafova's mere opinions when read in light of Grafova and Koster's recently failed marriage. Although Euroboor may disagree with that decision, Euroboor has not shown any "manifest error" in

the court's conclusion. *See Arthur*, 500 F.3d at 1343. So the court finds that Euroboor's motion merely attempts to "relitigate old matters." *See Wilchombe*, 555 F.3d at 957.

Euroboor's efforts to supply three new evidentiary bases for its arguments also fail. First, Euroboor points to the conclusions of the parties' prior Dutch court proceedings. (Doc. 235 at 4). For one thing, that court's finding based on *Dutch employment law* does not indicate a "manifest error" based on *Alabama tort law*. *See Arthur*, 500 F.3d at 1343. Also, Euroboor's argument based on the Dutch proceeding "could have been raised" at the summary judgment stage but was not. *See Wilchombe*, 555 F.3d at 957. Second, Euroboor points to communications from Ms. Grafova to Rex Graham. Although those communications were available at the summary judgment stage, Euroboor again failed to raise this argument at that time. Euroboor cannot do so now. *See Wilchombe*, 555 F.3d at 957. And third, Euroboor points for the first time to Grafova's communications with Gregory Bryant, which are dated November 2017. Since Euroboor does not claim that these communications are "newly-discovered" (and the court does not see how Euroboor could make such a claim), the court refuses to consider them now. *See Arthur*, 500 F.3d at 1343.

In short, Euroboor fails to bear its burden to convince the court to reconsider its summary judgment decision as to the defamation claim. Thus, the court **DENIES** Euroboor's motion for partial reconsideration. (Doc. 235).

**DONE** and **ORDERED** this 2nd day of November, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE