UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EUROBOOR FZC,** *et al.***,** ) | |
| ) | |
| **Plaintiffs/Counterclaim** ) | |
| **Defendants** ) | |
| ) | **CIVIL ACTION NO.** |
| **v.** ) | **2:17-cv-2157-KOB** |
| ) | |
| **ELENA GRAFOVA,** ) | |
| ) | |
| **Defendants/Counterclaim** ) | |
| **Plaintiff.** ) | |

## MEMORANDUM OPINION

This matter comes before the court on two motions, which the court construes as seeking relief in four ways. First, Defendant Elena Grafova seeks "Leave to Conduct Targeted Discovery Related to the Status of Euroboor FZC." (Doc. 242). Second, Plaintiffs Albert Koster and Euroboor FZC's response to Ms. Grafova's motion requests that the court "abstain from permitting discovery into or adjudicating a veil piercing claim" under the international comity doctrine. (Doc. 244 at 19). Third, Euroboor's response also requests that, if the court grants Grafova's discovery request, the court permit Koster and Euroboor FZC "to conduct discovery relating to Euroboor FZC, including any financial information or documents in Grafova's possession, custody, or control that she failed to produce in discovery." (Doc. 244 at 23). And fourth, Grafova's reply requests the

1

"opportunity to address the Court on whether comity should apply to the token" at issue in Euroboor's conversion claim. (Doc. 248 at 5 n.3).

As explained below, the court will grant in part Grafova's motion for discovery, deny Euroboor's motion to abstain, deny Euroboor's motion for discovery, and find Grafova's request regarding the opportunity to address the issue of comity to be moot.

## BACKGROUND

The court set forth the factual background for this case in its opinion at the summary judgment stage. (Doc. 231). At that stage, the court made several findings that are relevant to this round of motions. First, the court granted summary judgment in favor of Grafova on her claim that Euroboor breached a contractual duty to repay $700,000 that Grafova loaned to Euroboor FZC. (Doc. 231 at 25). The court found that Euroboor FZC owed her at least the principal and interest on that amount, which continues to accrue until Euroboor pays her. The court also found that Euroboor FZC owes Grafova some amount of penalty under the Loan Agreement and Dutch law, which governs the Agreement. But at that time, the court declined to rule as to the amount of penalty owed.

Second, the court denied Euroboor's motion for summary judgment as to Grafova's allegations to pierce the corporate veil of Euroboor FZC. (Doc. 231 at 31). Grafova attempts to pierce Euroboor FZC's corporate veil to hold Koster

personally liable for any judgment recovered against Euroboor FZC, including the claim for breach of the Loan Agreement. The court found that Grafova showed a genuine dispute as to whether Koster, a director and majority owner of Euroboor FZC, drained Euroboor FZC's finances to avoid repaying her under the Loan Agreement. (Doc. 231 at 33). Grafova raised a genuine issue as to whether Koster did so by emptying Euroboor FZC's assets, writing off its debts, and transferring its equipment to a new LLC called Euroboor MEEBS. (*Id.*).

## DISCUSSION

### I. Ms. Grafova's Request to Conduct Targeted Discovery

Ms. Grafova requests leave to conduct targeted discovery related to "Koster's actions, his correspondence with Euroboor MEEBS, and other items related to Euroboor MEEBS." (Doc. 242 at 2). Importantly, Grafova fails to limit her potential discovery requests to factual matter occurring in a particular time window. Grafova claims that this discovery will be relevant to (1) her piercing the veil allegations, (2) the amount of penalties that Euroboor FZC owes under the Loan Agreement, and (3) whether Koster has violated this court's warning that Defendants should not fraudulently conceal or dissipate assets. (*Id.*). Grafova does not state whether this discovery will include requests for production, interrogatories, depositions, or some combination of those means.

3

In general, "district courts have broad discretion in fashioning discovery rulings." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021). But Grafova's requested discovery comes after the October 1, 2020 deadline that this court set for discovery. *See* (doc. 166). A scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The Eleventh Circuit has stated, "[t]he good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 291 (11th Cir. 2019) (quoting *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). And courts may, but need not, consider whether altering the scheduling order will prejudice either party. *See Norman v. Liberty Life Ins. Co.*, No. 4:19-cv-2132-HNJ, 2021 WL 5196630, *6 (N.D. Ala. Apr. 8, 2021). Circuit courts review a lower court's decision to grant or deny a re-opening of the discovery window under an abuse of discretion standard. *Kerruish*, 777 F. App'x at 291.

Euroboor argues that Grafova failed to exercise diligence after the court previously granted Grafova's motion to compel discovery regarding topics quite similar to those at issue here. (Doc. 244 at 12). In February 2020, Grafova moved to compel Defendants Koster and Euroboor FZC "to provide testimony relating to Euroboor MEEBS." (Doc. 132 at 1). At a prior deposition, Koster objected to and refused to respond to Grafova's questions concerning "the direct actions that Mr.

Koster and Euroboor FZC have taken" to transfer away Euroboor FZC's assets and downgrade its business. (Doc. 250 at 21). Grafova moved this court to compel Koster to respond to those questions, and the court held an oral hearing on the motion. The motion only sought Koster's deposition testimony regarding his alleged dissipation of assets from Euroboor FZC, but Grafova's counsel stated, "we may at some point need more discovery on that issue." (Doc. 250 at 50). In March 2020, the court granted Grafova's motion to compel that testimony. (Doc. 150). Grafova provides no information indicating that she sought Koster's deposition testimony regarding the information at issue after the court's March 2020 ruling and before the close of discovery on October 1, 2020.

As stated before, Ms. Grafova's current motion does not limit her request to facts arising since the close of discovery. For example, she seeks Koster's "correspondence with Euroboor MEEBS" and Koster's "supporting documentation provided to the UAE Court" in the parties' UAE litigation. (Doc. 242 at 3). Fully granting these requests could permit Grafova to seek discovery regarding facts occurring long before the close of discovery.

But the court finds that Grafova has not met her burden of showing her diligence in pursuing the discovery at issue before the close of discovery on October 1, 2020. *See Kerruish*, 777 F. App'x at 291. The court's March 2020 ruling permitted Grafova to pursue discovery related to some of the same topics

5

now at issue. She has not shown that she acted on that ruling by deposing Koster any time before the close of discovery. As support for this motion, Grafova points only to Defendants' objections to and refusal to respond to discovery requests in August 2019—objections that the court later overruled. (Doc. 242 at 6). And Euroboor asserts that Grafova "did not attempt to propound discovery requests relating to Euroboor MEEBS or notice the depositions of Koster or Euroboor FZC." (Doc. 244 at 11). So the court finds that Ms. Grafova has not shown good cause to permit discovery regarding facts occurring before October 1, 2020.

Even so, the court finds grounds to grant Grafova's motion based on her allegations that Koster has dissipated Euroboor FZC's assets since the close of discovery. For one thing, Defendants vigorously opposed Grafova's veil piercing claims, and the court's summary judgment ruling in her favor occurred in September 2021. (Doc. 232). Grafova filed her current request for discovery only three months later. The court does not find that timeline to show a lack of diligence.

Further, Grafova's current request seeks minutes from a board meeting in July 2021 in which Koster allegedly attempted to vote to dissolve Euroboor FZC. (Doc. 242 at 3). Euroboor does not deny that the board minutes exist but disputes their contents. (Doc. 244 at 10–11). The court finds that the 2021 board meeting allegation shows "good cause" for reopening a window of limited discovery as to

6

facts occurring after October 1, 2020 that would support Grafova's veil piercing allegations. Koster's alleged actions at that meeting, combined with Euroboor's admission that the board meeting at least took place, convince the court that it should permit her to propound discovery as to the underlying facts. And these events occurred after October 1, 2020, so Grafova's inability to uncover them until this stage of the case did not result from her failure to exercise diligence before the close of discovery.

So the court will GRANT IN PART Grafova's request for limited discovery; she may propound discovery requests limited to Mr. Koster's efforts after October 1, 2020 to fraudulently conceal or dissipate Euroboor FZC's assets by use of Euroboor MEEBS, Koster's own personal bank account, and other means.

Euroboor argues that Grafova already possesses the documents that she requests or that they are not relevant to her claims. But as Euroboor points out, Grafova's diligence—not the relevance of the requested discovery—is the key inquiry for whether her motion meets the "good cause" standard to modify the scheduling order. *See Norman*, 2021 WL 5196630, at \*6. Further, the court declines to address Euroboor's challenges as to the relevance of *potential* discovery requests. Rather, the parties must handle any disputes about the relevance of discovery in accordance with the Scheduling Order. *See* (doc. 166 at 1).

Further, Euroboor argues that Grafova's request will prejudice Mr. Koster in the event that she seeks to depose Mr. Koster. (Doc. 244 at 13). Koster apparently planned surgery on January 13, 2022 that may leave him unable to travel for as long as seven weeks. (*Id.*). Euroboor argues that organizing the logistics for depositions between international parties will prevent the case from being ready for its trial date in May 2022. (Doc. 245). Grafova has not requested depositions at this point, so the court will not rule prematurely on that issue. But the court does remind the parties that many depositions are being conducted now by Zoom or other video-conferencing methods, which may make the taking of Mr. Koster's deposition easier.

## II. **Euroboor's Request for Abstention under the International Comity Doctrine**

Euroboor also requests that the court both deny Ms. Grafova's discovery motion and abstain from adjudicating the veil piercing claim entirely under the doctrine of international comity. (Doc. 244 at 19). This argument largely rests on the parties' ongoing litigation in the UAE. Euroboor argues that in that suit, Grafova "cites to UAE veil piercing law as well as many of the factual allegations she has raised to this court." (Doc. 244 at 18). Grafova responds that the UAE case and this case are not sufficiently "parallel" to invoke the international comity doctrine. (Doc. 248 at 15). The court agrees that the cases are not parallel, and in fact it has found so before.

In February 2020, Euroboor requested that the court "stay" this case out of deference to the parties' UAE litigation under the doctrine of international comity. (Doc. 135 at 7). In an oral hearing, this court questioned both parties as to whether the cases were "sufficiently overlapping" to implicate comity concerns. (Doc. 250 at 19). Euroboor's counsel admitted that in the UAE case, Grafova seeks only Euroboor FZC's "profits . . . the value of [her] shares." (Doc. 250 at 5). The court then specifically asked whether Grafova's UAE claims concerned the Loan Agreement, to which Euroboor's counsel responded: "she does not seek repayment of the loans." (Doc. 250 at 6). Based on this admission, the court found that the cases were not sufficiently parallel to invoke comity because Grafova filed the cases "for a different purpose, different cause of action." (Doc. 250 at 9). The court denied Euroboor's request. (Doc. 151).

The only thing that has changed since this court's prior ruling is a recent ruling in the UAE case that Koster may face personal liability for Grafova's claim for profits. UAE's Federal Court of Appeal of Sharjah ruled that Grafova could join Koster as a party to the suit in his individual capacity because she "has the right to claim these *profits* from him." (Doc. 248-18 at 6) (emphasis added). At this stage, Euroboor makes no argument that Grafova has either altered her claim for profits or added the Loan Agreement to her claims in the UAE case. Even

9

Grafova's brief to the UAE Federal Court of Appeal indicates that she seeks only "lost profits." (Doc. 248-16 at 4).

As this court has now explained at both the motion to dismiss and summary judgment stages, the international comity doctrine serves as a guide to when a court should "defer to *parallel* foreign proceedings." *See Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1237 (11th Cir. 2004) (emphasis added); *see also Turner Entm't Co. v. Degeto Film*, 25 F.3d 1512, 1518 (11th Cir. 1994) (staying domestic legal proceedings under retrospective comity doctrine to defer to concurrent German proceedings on the merits of the dispute).

Here, the court finds that this case and the UAE case still do not have sufficient "issues in common" to implicate the comity doctrine. *See Turner Entm't Co.*, 25 F.3d at 1522. Grafova does not seek repayment of the Loan Agreement in the UAE case, but that agreement forms a central basis for her recovery in this case. The court also finds that abstaining from this case would severely prejudice Grafova because she will not recover for the breached Loan Agreement in the UAE case. *See id.* Finally, this court noted in the 2020 hearing that Grafova filed this case in January 2018, but she filed the UAE case in April 2019 at the earliest. (Doc. 250 at 8). Under comity analysis, the earlier-filed case takes priority. *See Turner Entm't Co.*, 25 F.3d at 1522. Each of these factors favors denying

Euroboor's motion. So the court again declines to abstain under the international comity doctrine.

### III.   Euroboor's Request for Limited Discovery

In a single sentence, Euroboor requests that, if the court grants Grafova's discovery request, the court also permit Koster and Euroboor FZC "to conduct discovery relating to Euroboor FZC, including any financial information or documents in Grafova's possession, custody, or control that she failed to produce in discovery." (Doc. 244 at 23).

The court will deny this request because, like Grafova, Euroboor must meet its burden of showing "good cause" to modify the court's discovery deadline. *See* Fed. R. Civ. P. 16(b)(4). Euroboor fails to explain its "diligence" in pursuing the documents it seeks before the discovery deadline. *See Kerruish*, 777 F. App'x at 291. Further, Euroboor appears to allege that Ms. Grafova currently possesses documents that were responsive to its timely discovery requests and that she did not produce. If so, the court reminds the parties that Grafova's ongoing obligation to supplement her discovery responses did not end with the close of discovery. *See* Fed. R. Civ. P. 26(e). So Euroboor needs no re-opening of discovery to receive those documents. And again, the parties should follow the Scheduling Order's directives to resolve any discovery disputes. (Doc. 166).

### IV.   Grafova's Request Regarding International Comity and the Bank Token

11

In a footnote, Grafova seeks the "opportunity to address the Court on whether comity should apply to the token" at issue in Euroboor's conversion claim. (Doc. 248 at 5 n.3). The abstention issue presents a straightforward question of law no different than those frequently asserted in pretrial motions in limine, which are not due in this case until April 22, 2022. (Doc. 245 at 11). Grafova does not need leave of the court to brief this issue in such a motion. So the court will find this motion to be moot at this time.

## **CONCLUSION**

In a separate order and for the reasons stated above, the court will rule as follows. First, the court will grant in part Grafova's motion to conduct limited discovery about Mr. Koster's efforts after October 1, 2020 to fraudulently conceal or dissipate Euroboor FZC's assets.

Second, the court will deny Euroboor's motion to abstain based on international comity because this case and the parties' UAE case are not parallel.

Third, the court will deny Euroboor's motion to conduct limited discovery because Euroboor has not shown its diligence in pursuing that information before the close of discovery.

Fourth, the court will find Grafova's request to address the court regarding international comity to be moot.

**DONE** and **ORDERED** this 25th day of January, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE