IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EUROBOOR B.V. and** | ) |
| **ALBERT KOSTER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 2:17-cv-02157-KOB |
| | ) |
| **ELENA GRAFOVA,** | ) |
| | ) |
| **Defendant.** | ) |

## Memorandum Opinion

This matter comes before the court on Euroboor's "Motion to Enforce Settlement Agreement and for Sanctions." (Doc. 407).  The court held a hearing on the motion on Monday, September 11, 2023.

This matter reaches the court again after a long history of litigation between the parties. First, a little refresher[1]. The heart of the dispute remaining in this court involves the repayment of two loans made by Ms. Grafova to Mr. Koster (her then-husband) and his company, Euroboor FZC in late 2015 for a total of $700,000. (Doc. 29-1). This five-year "war"[2] between the ex-spouses is complicated by the

---

[1] For a more complete recitation of Mr. Koster's efforts to avoid payment of the loans, see "Memorandum Opinion" from August 1, 2022(Doc. 343).

[2] Mr. Koster testified that after Ms. Grafova asked for a divorce and payment of interest as provided under the loan documents, he declared "war" on Ms. Grafova. (See Doc 243 at 11.) His actions since then demonstrate the lengths to which he has gone to inflict harm to Ms. Grafova and to avoid paying her the amounts due under the loans.

1

application of laws from numerous countries, including the United States, the Netherlands, and the United Arab Emirates (UAE). Most recently, the Eleventh Circuit returned the matter to this court after the parties spent time on appeal and in mediation to address Mr. Koster's motion. (Doc 404). During mediation, the parties negotiated a settlement agreement that would end the multi-year global disputes; it was signed on November 29, 2022. The settlement agreement generally required Mr. Koster to pay $1.8 million dollars to Ms. Grafova within 14 days, at which time Ms. Grafova was to immediately transfer her 20% shares in Euroboor FCZ to Mr. Koster. Additionally, all international litigation was to then be dismissed. The enforcement of that settlement agreement now rests with this court.

      The court finds that Mr. Koster breached the settlement agreement (Doc. 407 Exhibit A) by not paying the full amount he owed under the agreement by the due date. Under the terms of the settlement agreement, Mr. Koster was to pay $1.8 million dollars to Ms. Grafova's attorneys within fourteen calendar days of the effective date of the settlement agreement. Instead, he paid only $900,000 dollars. Mr. Koster argued that he did not pay in full because he did not trust that Ms. Grafova could fulfill her side of the agreement once he had paid in full. He wanted, and did, keep half the money he owed because he wanted assurance that Ms. Grafova could deliver certain stocks without restrictions before he paid his full obligation. But prior to signing the agreement, he knew the stocks that Ms.

Grafova was to transfer to him after he tendered payment were under a "legal mark" or "precautionary attachment" in the UAE.[3]

However, as most first-year law students know, a party cannot fail to perform its own obligations under a contract and then seek to enforce that contract against the other party. See *Gray v. Reynolds*, 553 So. 2d 79, 82 (Ala. 1989) (a court should not enforce a contract when the party seeking enforcement failed to perform his part of the agreement); *Nationwide Mut. Ins. Co. v. Clay*, 525 So. 2d 1339, 1343 (Ala. 1987)("a substantial breach by one party [to a contract] excuses further performance by the other")[4]. And a settlement agreement is a contract. *Billy Barnes Enters., Inc. v. Williams,* 982 So. 2d 494, 498 (Ala. 2007); *Jones v. Bullington,* 401 So. 2d 740, 741 (Ala. 1981). Here, Mr. Koster breached the settlement agreement by not fully paying what he owed to Ms. Grafova, so he may not now enforce that contract.

Even more to the court's disapproval, after directly discussing with counsel in early 2023 the distrust between the parties caused by a long history of unfulfilled promises, the court suggested that full payment could be made into Court or into an attorney's escrow account; such a payment would safeguard Mr.

---

[3] See (Doc 407 at 9.)
[4] The court applies Alabama law because the settlement agreement was signed and was to be enforced in Alabama. Neither party has argued other law should apply.

Koster's funds and effectuate tender of the full amount he agreed to pay. Mr. Koster did not attempt any such tender; he simply did not pay the full amount.

Mr. Koster has no excuse for non-payment under the terms of the settlement agreement. He knew the entanglement of her FCZ stock before he signed the settlement agreement, but he signed it anyway. If he lacked trust in Ms. Grafova's ability to transfer the stock, he could have taken appropriate measures, such as depositing the money into Court as full tender. Instead, he intentionally chose to not pay the full amount of his obligation when it was due. So the court finds that Mr. Koster breached the terms of the settlement agreement by not tendering the full amount due for his part of the agreement, which the agreement required <u>before</u> Mrs. Grafova took any action. Because the court finds that Mr. Koster breached the settlement agreement, he cannot enforce the settlement agreement against Ms. Grafova.

The time to pay has long passed for Mr. Koster to honor his financial obligations. Because the court finds that Mr. Koster breached the settlement agreement, the settlement agreement is no longer enforceable by him. The amended final judgment may now be enforced (Doc. 347), along with the penalties as set out in the Judgment that began accruing again on September 11, 2023, as the court pronounced at the hearing.

Mr. Koster has continued his pattern of bullying Ms. Grafova by using legal and business maneuvers to avoid payment of a lawful debt to this day. Mr. Koster never filed a supersedeas bond or sought a stay of execution. But he faulted Ms. Grafova for her efforts to collect the judgment after he failed to meet his settlement agreement obligations. She is free to take whatever legal measures as may be necessary to collect the judgement.

The court requested the parties assist the court in determining interest and penalties after applying the $900,000 payment to principal, as provided by the loan documents. The court also noted that the loan documents provide the calculation of such amounts by the creditor controls (Doc 29-1). Ms. Grafova provided the court via email her calculations. Although the court disagrees with some aspects of her calculations, the court follows her method for determining the amount currently owed by Mr. Koster and the Euroboor entities. Those totals are given by separate order.

**DONE** and **ORDERED** this 13th day of November, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE